

FILED
2008 FEB -8 PM 4:39
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
David J. McGlothlin, Esq. (SBN: 253265)
dmcglothlin@westcoastlitigation.com
**HYDE & SWIGART**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Plaintiff
Marylou Mancini

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MARYLOU MANCINI, | Case No.: '08 CV 0241 LAB CAB |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **JURY TRIAL DEMANDED** |
| CIR LAW OFFICES LLP, | |
| Defendant. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to

protect consumers against debt collection abuses.[1]

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3. MARYLOU MANCINI, ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of CIR LAW OFFICES LLP, ("Defendant"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Unless otherwise indicated, these allegations are made on information and belief. Further, the use of any defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of that defendant named. All allegations are made on information and belief, except those allegations that pertain to the named Plaintiff(s), or to their attorneys, which are alleged on personal knowledge.

### JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

6. This action arises out of Defendant's violations of the following: the

---

[1] 15 U.S.C. §§ 1692(a)-(e)
[2] Cal. Civ. Code §§ 1788.1 (a)-(b)

COMPLAINT FOR DAMAGES                    PAGE 2 OF 9

Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

7. Because Defendant does business within the State of California, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

9. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California and is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company operating from the City of San Diego, County of San Diego, State of California.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

14. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff was an individual residing within the State of California.

16. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California.

17. Sometime before January 1, 2007, Plaintiff allegedly incurred financial obligations to Capital One Bank that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

18. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

19. Sometime thereafter, but before January 1, 2007, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to whether or not this alleged debt was actually owed.

20. Plaintiff is informed and believes, and thereon alleges, that subsequently, but before January 1, 2007, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

21. On or about January, 2007, Defendant contacted Plaintiff by telephone and demanded payment of the alleged debt.

//
//

22. This telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b), and an "initial communication" consistent with 15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

23. During this conversation, Plaintiff informed Defendant that an attorney represented Plaintiff. Plaintiff then provided Defendant with the name and contact information of her attorneys.

24. On or about late January 2007, Defendant again contacted Plaintiff in an attempt to collect the alleged debt.

25. By communicating with Plaintiff with regard to the alleged debt without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction, when Defendant knew or should have known that Plaintiff was represented by an attorney and when Defendant had knowledge of or could have readily ascertained the name and address of the Plaintiff's attorney, Defendant violated 15 U.S.C. §§ 1692c(a)(2), 1692d, and 1692f and Cal. Civ. Code § 1788.17.

26. Throughout the months of January, February, March, April and May, Defendant continually contacted Plaintiff by telephone in an attempt to collect the alleged debt.

27. During each communication, Plaintiff informed Defendant that an attorney represented Plaintiff.

28. Even when Defendant left messages for Plaintiff, Plaintiff would call Defendant back and request they only speak to her attorney.

29. By communicating with Plaintiff with regard to the alleged debt without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction, when Defendant knew or should have known that Plaintiff was represented by an attorney and when Defendant had knowledge of or could have readily ascertained the name and

address of the Plaintiff's attorney, Defendant violated 15 U.S.C. §§ 1692c(a)(2), 1692d, and 1692f.

30. Because these repeated communications violate the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692c(a)(2), 1692d, and 1692f, they also violated Cal. Civ. Code §1788.17.

31. Defendant's continued calls despite Plaintiff's repeated request that they contact Plaintiff's attorney caused Plaintiff a great deal of stress, anxiety, and even the fear of answering the telephone.

32. On or about May 4, 2007, Defendant sent, and Plaintiff received, a dunning letter addressed to Plaintiff's home and in the name of Defendant.

33. By communicating with Plaintiff with regard to the alleged debt without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction, when Defendant knew or should have known that Plaintiff was represented by an attorney and when Defendant had knowledge of or could have readily ascertained the name and address of the Plaintiff's attorney, Defendant violated 15 U.S.C. §§ 1692c(a)(2), 1692d, and 1692f.

34. Because this May 4, 2007 communication violates the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692c(a)(2), 1692d, and 1692f, it also violated Cal. Civ. Code §1788.17.

35. On or about June 26, 2007, Defendant filed suit on behalf of Capital One Bank against Plaintiff for the alleged debt.

36. This June 26, 2007 lawsuit was filed in the County of Orange even though Defendant was aware that Plaintiff resided in the County of San Diego and that any contract was entered was not entered into in Orange County.

37. By bringing a legal action on a debt against a consumer in a location other than the County Plaintiff currently resides in or where the contract was entered into, Defendant violated 15 U.S.C. § 1692i(a)(2).

38. Because this action violated 15 U.S.C. § 1692i(a)(2), it also violated Cal. Civ. Code §1788.17.

39. Plaintiff is informed and believes, and thereon alleges, that on or about July 11, 2007 Defendant attempted to mail Defendant a copy of the June 26, 2007 Summons and Complaint at Plaintiff's former address in Huntington Beach, California.

40. Plaintiff is informed and believes, and thereon alleges, that this envelope was returned to Defendant as undeliverable, again alerting Defendant that Plaintiff did not reside in Orange County.

41. On or about July 26, 2007, a copy of the June 26, 2007 Summons and Complaint was left in Plaintiff's mailbox in San Diego, California.

42. The envelope containing the Summons was addressed to Plaintiff's former address in Huntington Beach, California, and "Return to Sender NOT at this address" was handwritten across the envelope.

43. Plaintiff is informed and believes, and thereon alleges, that this envelope was not sent via the United States Postal Service, but was put directly into Plaintiff's mailbox in San Diego, California.

44. On or about September 21, 2007 Defendant entered a default judgment against Plaintiff.

45. Entering a default judgment against Plaintiff, when Defendant knew Plaintiff had not been properly served was a false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e, and 15 U.S.C. § 1692e(10), and an unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. § 1692f.

46. Because this action violated the FDCPA, it also violated Cal. Civ. Code §1788.17.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 ET SEQ.

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

49. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

### COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

52. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

//

//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

### FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

### TRIAL BY JURY

53. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: 2/8/8

Respectfully submitted,
HYDE & SWIGART

By: _____
David J. McGlothlin, Esq.
Attorney for Plaintiff

COMPLAINT FOR DAMAGES          PAGE 9 OF 9

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
MARYLOU MANCINI,

**DEFENDANTS**
CIR LAW OFFICES LLP.,

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**  San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
David J. McGlothlin (SBN: 253265)
411 Camino Del Rio South, Ste. 301
San Diego, CA 92108
Tel: 619-233-7770

**ATTORNEYS (IF KNOWN)**
Unknown

'08 CV 0241 LAB CAB

FILED 2008 FEB -8 PM 4:39 CLERK U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY DEPUTY

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).
Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code 1788-1788.32 (RFDCPA)

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | ☐ 862 Black Lung (923) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appelate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   **DEMAND $** 75000   Check YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE   Docket Number

DATE 2/8/08   SIGNATURE OF ATTORNEY OF RECORD

#147428  $350.-
2/8/08

ORIGINAL

```
      UNITED STATES
      DISTRICT COURT
  SOUTHERN DISTRICT OF CALIFORNIA
         SAN DIEGO DIVISION

      # 147428      - SR

      February 08, 2008
           15:40:15


         Civ Fil Non-Pris
  USAO #.: 08CV0241 CIV. FIL.
  Judge..: LARRY A BURNS
  Amount.:                $350.00 CK
  Check#.: BC#2287



      Total->   $350.00


      FROM: MANCINI V. CIR LAW OFFICES
            CIVIL FILING
```